# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN A. MAUS,

    Plaintiff,

v.                                                      Case No. 22-CV-135

SCOTT PAGEL,

    Defendant.

## ORDER

On September 9, 2022, plaintiff Brian A. Maus, who is representing himself and incarcerated at Oakhill Correctional Institution, filed a motion for a temporary restraining order or preliminary injunction. (ECF No. 18.) He states that since being put in segregation in January 2023, he has limited law library time and does not have access to his legal files. He seeks a TRO against "Warden Bryan". .

In order to receive injunctive relief, either through a temporary restraining order or a preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Fed. R. Civ. P. 65(b); *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dept. of Health*, 669 F.3d 962, 972 (7th Cir. 2012). If the plaintiff makes that showing, then the court must balance the harm to each party and to the public interest caused by granting or

denying the injunction. *Id. See also Korte v. Sebelius*, 735 F.3d 654 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809 813 (7th Cir. 1999). Prisoner litigation also has an additional requirement that injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Injunctive relief is appropriate only if it seeks relief from actions similar to the plaintiff's claims in the underlying case. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813, 2013 WL 6331348 at *1 (W.D. Wis. Dec 5, 2013).

Maus seeks an injunction against a party who is not a defendant in the case. Additionally, his injunction does not seek relief similar to the claims in his underlying case. Maus was allowed to proceed on a conditions of confinement claim for not having socks for months and a First Amendment retaliation claim. Maus further has an adequate remedy at law. He can file an inmate complaint using his institution's grievance system and in the event that the grievance system does not resolve his issue, he may file a suit under § 1983. Thus, the court denies his motion.

**IT IS THEREFORE ORDERED** that Maus's motion for a temporary restraining order and motion for a preliminary injunction (ECF No. 18) is **DENIED**.

Dated at Milwaukee, Wisconsin this 31st day of March, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge