BRIAN A. MAUS,

          Plaintiff,

v.                                         Case No. 22-CV-135

SCOTT PAGEL,

          Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Brian A. Maus, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (Docket # 1.) Maus was allowed to proceed on an Eighth Amendment conditions of confinement claim against defendant Scott Pagel for allegedly refusing to provide him adequate state-issued clothing, specifically proper socks. He was also allowed to proceed on a First Amendment retaliation claim against Pagel for allegedly issuing him a conduct report in retaliation for filing inmate complaints about Pagel's refusal to provide him socks.

Pagel has moved for summary judgment on the basis that Maus failed to exhaust his administrative remedies. (Docket # 11.) The parties have consented to the jurisdiction of a magistrate judge. (Docket # 3, Docket # 9.) For the reasons stated below, the court grants Pagel's motion for summary judgment on exhaustion grounds.

## FACTS

Again, Maus was allowed to proceed on an Eighth Amendment conditions of confinement claim against Pagel because Pagel refused to provide him socks that would not

fall down. (Docket # 5 at 11; Docket # 13, ¶ 2; Docket # 23 at 1.) Maus was also allowed to proceed on a First Amendment retaliation claim against Pagel because he alleged that Pagel retaliated against him by issuing him a conduct report after he filed inmate complaints against Pagel for refusing to give him socks. (Docket # 5 at 12; Docket # 13, ¶ 2.)

Regarding the Eighth Amendment conditions of confinement claim, it is undisputed that Maus filed two relevant inmate complaints—GBCI-2016-13394 and GBCI-2016-18872. (Docket # 13, ¶¶ 3, 5; Docket # 22, ¶¶ 3, 5.) In both of these complaints, Maus complained that Pagel would not give him socks. (*Id.*) The Institution Complaint Examiner, or ICE, recommended dismissal of both of these complaints and the Reviewing Authority accepted the ICE's recommendation, dismissing both the inmate complaints. (Docket # 14, ¶¶ 4, 6.) It is undisputed that Maus did not appeal either of these inmate complaints. (*Id.*; Docket # 22, ¶¶ 4, 6.)

Regarding the First Amendment retaliation claim, Maus asserts that he filed two relevant inmate complaints—GBCI-2016-16047 and GBCI-2016-16049. In both inmate complaints, Maus states that Conduct Report #2825008 was written out of "pure retaliation." (Docket # 14-4 at 8-9; Docket # 14-5 at 8-9.) Maus does not state that Pagel retaliated against him in either inmate complaint. (*Id.*) In GBCI-2016-16049, he states he was issued the conduct report because he laughed at a television news report of a guard getting stabbed. (Docket # 14-5 at 9.) Neither inmate complaint states or implies that Pagel issued the conduct report because Maus filed inmate complaints against him for failing to provide him socks. Maus asserts that he did not have to explicitly state that the conduct report was issued in retaliation for filing the inmate complaints about the socks because very shortly after Maus filed those inmate complaints, Pagel took the first opportunity to issue

2

him a conduct report. (Docket # 22 at 2.) Thus, according to Maus, the timeline shows it was obvious that Pagel issued the conduct report in retaliation for filing the inmate complaints about the socks. (*Id.*)

The ICE received GBCI-2016-16047 and GBCI-2016-16049 on July 29, 2016. (Docket # 13, ¶ 7.) The inmate complaints were rejected because the Inmate Complaint Review System ("ICRS") can review conducts reports only for procedural errors and not review the substantive reasons as to why a conduct report was issued. (Docket # 14-4 at 2; Docket # 14-5 at 2.) On August 10, 2016, ICE received a request for review of a rejected complaint from Maus on both inmate complaints. (Docket # 13, ¶ 9.) The requests were denied as untimely (*Id.*, ¶ 10.) Maus states that he had submitted the requests by placing them in his door jamb to be mailed, so they were timely and should not have been rejected. (Docket # 23 at 2.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

1. *Applicable Law and Procedure on Exhaustion*

Maus' lawsuit is controlled by the Prison Litigation Reform Act ("PLRA"). The PLRA states in part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his

4

administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).

"An inmate may use the Inmate Complaint Review System (ICRS) to raise issues regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1). A prisoner must "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2). A complaint "may contain only one clearly identified issue." Wis. Admin. Code § DOC 310.07(5).

The ICE then may accept the complaint and make a recommendation or reject the complaint for one of the ten reasons listed in § DOC 310.10(6) within 30 days from the date of receipt. Wis. Admin. Code § DOC 310.10 (2), (9). If the ICE rejects the complaint, an inmate may appeal the rejection within 10 days to the appropriate reviewing authority "who shall only review the basis for the rejection of the complaint." Wis. Admin. Code § DOC 310.10(10). The ICE may also return a defective complaint and allow an inmate to correct the defects and resubmit within 10 days. Wis. Admin. Code § DOC 310.10(5).

When the ICE makes a recommendation, the reviewing authority shall make a decision within 15 days. Wis. Admin. Code § DOC 310.11(1). If an inmate does not receive a decision within 45 days after the date of acknowledgement by the ICE, he may directly appeal to the Corrections Complaint Examiner ("CCE"). Wis. Admin. Code § DOC 310.11(3). Otherwise, an inmate may appeal a reviewing authority's decision to the CCE within 14 days after the date of the decision. Wis. Admin. Code § DOC 310.12(1). The CCE then "shall recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary [of the DOC] within 45 days of receipt of the appeal." Wis. Admin. Code § DOC 310.12(9). The secretary shall make a decision within 45 days following the receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). "If the inmate does not receive the secretary's written decision within 90 days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted." Wis. Admin. Code § DOC 310.13(4).

2. *Application to this Case*

Regarding the Eighth Amendment claim, it is undisputed that Maus did not timely appeal his dismissed inmate complaints. As such, he failed to exhaust his administrative remedies as to the Eighth Amendment claim, and the claim is dismissed.

Regarding the retaliation claim, the question is whether Maus adequately put the institution on notice that Pagel retaliated against him for filing the inmate complaints about the socks. The DOC regulations require that a complaint contains "only one clearly identified issue." Wis. Admin. Code § DOC 310.07(5). The Seventh Circuit Court of Appeals has recognized that this regulation "is not more specific about what it takes to

6

satisfy this requirement." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020). "When the applicable regulations provide little guidance regarding the required contents of a prison administrative complaint, we have held that an inmate's complaint will suffice for exhaustion purpose if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Id.* (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). In other words, the inmate complaint "satisfies the exhaustion requirement when [it] gives a prison 'notice of, and an opportunity to correct, a problem.'" *Id.* (quoting *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)). While this does not mean that the inmate complaint has to name every single name or lay out every legal theory, it still must "object intelligibly to some asserted shortcoming." *Strong*, 297 F.3d at 650. In the case of retaliation claims, an inmate complaint "at a minimum . . . must identify two things: the protected conduct that *provoked* the retaliation and the retaliatory act." *Tate v. Litscher*, Case No. 16-C-1503, 2018 WL 2100304 at *4 (E.D. Wis. May 5, 2018) (emphasis in original).

While Maus' inmate complaints identify the retaliatory act (the conduct report), they do not adequately identify the protected conduct that provoked the retaliation. At most, GBCI-2016-16049 asserts that Maus was issued a conduct report in retaliation for exercising his First Amendment right to laugh at a television news report of a guard getting stabbed. Maus was not allowed to proceed on a retaliation claim because he was issued a conduct report for laughing at a guard getting stabbed; he was allowed to proceed on a retaliation claim because he asserted that he was issued a conduct report for filing inmate complaints about being denied socks. Maus is limited to the scope of the screening order, so it is irrelevant if he complained in the inmate complaint about being retaliated against for

7

laughing. *See Werner v. Hamblin*, Case No. 12-C-0096, 2013 WL 788076 at *2 (E.D. Wis. March 1, 2013).

Maus argues that because the conduct report was issued so shortly after he filed his inmate complaints about the socks, it is obvious that the conduct report was issued in retaliation. Such an implication does not satisfy the requirement that the inmate complaint identify the protected conduct that provoked the retaliation. He needed to state in the inmate complaint that he believed the conduct report was filed because he filed the inmate complaints about the socks.

Also, because Maus' inmate complaints do not substantively put the institution on notice of the retaliation claim that he was allowed to proceed on, the court need not consider whether his appeal of the rejected retaliation inmate complaints was timely.

Maus did not properly exhaust his retaliation claim, and that claim is dismissed. Because there are no remaining claims, summary judgment on exhaustion grounds is granted in Pagel's favor.

## CONCLUSION

Because summary judgment is granted in Pagel's favor, the case is dismissed without prejudice. It is dismissed without prejudice because when a plaintiff brings a lawsuit prior to exhausting his administrative remedies, the suit is premature. *Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020). "A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting his administrative remedies." *Id.* (citing *Ford v. Johnson*, 362 F.3d 395, 398–400 (7th Cir. 2004)).

# ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Pagel's motion for summary judgment (Docket # 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 1st day of September, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge